UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM F. BLASKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>VICKI LANDWEHR, doing business as Landwehr Construction; and JOHN SCHERER, doing business as Scherer Trucking,<br><br>Defendants. | Case No. 16-CV-0157 (DWF/LIB)<br><br><br>REPORT AND RECOMMENDATION |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Adam F. Blaskowski has not paid the filing fee for this case. Instead, Blaskowski has filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Blaskowski qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Blaskowski's complaint is largely incomprehensible. Much of the handwritten complaint is illegible, and even where the words on the page can be read, it is unclear what Blaskowski is trying to say. For example, Blaskowski lists several federal statutes (including the Indian Civil Rights Act, the Food Safety Enhancement Act, the Biological Weapons Anti-Terrorism Act, and much else), but he does not explain how any of those statutes apply in this case, nor what any of the defendants did or failed to do that resulted in a violation of any of the listed statutes. Blaskowski's "largely unintelligible and incomprehensible allegations fail to provide fair notice of his claims and the grounds upon which they rest," *Batchelder v. I.N.S.*, 180 Fed. App'x 614, 615 (8th Cir. 2006) (per curiam), and *sua sponte* dismissal of the complaint without prejudice is warranted on that basis. *See also* 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Adam F. Blaskowski's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: February 19, 2016                 s/Leo I. Brisbois
                                         Leo I. Brisbois
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.